# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENOISE M. CALLAHAN,         )
                                          )
           Plaintiff,         )
                                          )
v.                               )     Case No. 16-CV-2310-JAR-GLR
                                          )
SCOTT BLEDSOE, M.D., and    )
WESLEY MEDICAL CENTER, LLC,  )
                                          )
          Defendants.    )

## PLAINTIFF'S INITIAL RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff provides the following Rule 26 Initial Disclosures:

    1.    Fed. R. Civ. P. 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

        a.    Jenoise M. Callahan, 2924 S. Ingalls Way, Denver, Colorado 80227, (913) 515-0935. Subject matter: The circumstances of the subject medical care, management and treatment and the injuries and damages suffered as a result.

        b.    James Callahan, the plaintiff's brother, 2 Bedrock Way, Stafford, Virginia 22556, (785) 341-2345. Subject matter: The circumstances of the subject medical care, management and treatment and Plaintiff's injuries and damages.

        c.    Katie Callahan, the plaintiff's sister, 425 S. Galena Way, Apt. 6-106, Denver, Colorado 80247, (571) 247-5958. Subject matter: Plaintiff's injuries and damages.

        d.    Mary Callahan, the plaintiff's sister, 2 Bedrock Way, Stafford, Virginia 22556, (816) 808-4446. Subject matter: Plaintiff's injuries and damages.

        e.    Julie Hertzler, the plaintiff's friend, exact address unknown, Wichita, Kansas, (316) 619-0233. Subject matter: The circumstances of the subject medical care, management and treatment and Plaintiff's injuries.



f.  Lily Tran, lived with Plaintiff between Galichia Heart Hospital visit and Wesley Medical Center visit.  Contact information unknown.  Subject matter:  Plaintiff's injuries.

g.  All healthcare providers identified in plaintiff's medical records.  Subject matter:  circumstances of the subject medical malpractice and the nature and extent of Plaintiff's injuries.

2.  Fed. R. Civ. P. 26(a)(1)(A)(ii): A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

a.  Medical records and bills. Those gathered to-date will be produced by the date agreed to between the parties.  They include:

Wesley Galachia Heart Hospital, Bates Nos. 100001 - 100046
Wesley Medical Center, Bates Nos. 200001 - 200699
Abay Neurosciences Center, Bates Nos. 300001 – 300024, will supplement bills with bates numbers.
Serenity Home Health, Bates Nos. 400001 – 400038
Envision Vision Rehab/Grene Vision, Bates Nos. 500001 – 500154, will supplement bills with bates numbers.
GraceMed, Bates Nos. 600001 – 600057, will supplement bills with bates numbers.
Arapahoe-Douglas County Mental Health, Bates Nos. 700001 – 700155, will supplement bills with bates numbers.
Swedish Medical Center, Bates Nos. 800001 – 800653, will supplement bills with bates numbers.
University of Colorado Health, Bates Nos. 900001 - 901350
Via Christi Clinic, Bates Nos. 100001 - 100030
Shawnee Mission Primary Care, Bates Nos. 110001 – 110008, will supplement bills with bates numbers.
Kessler Eye Center, Bates Nos. 120001 - 120014
KU Eye, Bates Nos. 130001 - 130056
University of Kansas Hospital, Bates Nos. 140001 – 140052
Medical Bills, Bates Nos. 000001 - 000051
Dillion's Pharmacy, records and bills will be supplemented with bates numbers.

Medical billing records not yet obtained include:
Broadway Medical Supply;
Kessler Eye Care (bills);
KU Eye Clinic (bills);
Dr. Kevin Lenahan;
Washburn Student Health Services;

Page 2 of 5

University of Colorado (bills);
University of Kansas Hospital (additional dates of service);
Kansas Orthopedic Center;
Shawnee Mission Medical Center;
South Denver Neurology;
Whole Family Health/Dr. Lisa Nuygen;
Vision Care/Dr. Glo;
Alternative Chiropractic;
Littleton Adventist Hospital;
Panoramic Orthopedics;
Plaintiff's Medicaid records.

Plaintiff will supplement the medical records and bills not yet obtained.
Furthermore, Plaintiff reserves the right to supplement these disclosures.

b.  Wage documentation.  Those gathered to-date will be produced by the
date agreed to between the parties.  They include:

Employment records from Stein Mart, will supplement with bates
numbers;
Employment records from Special Counsel, will supplement with bates
numbers;

Wage documentation not yet obtained, but will supplement include:
Employment records from Camp Vega;
Employment records from Kelly Law Registry;
Employment records from Denton's;
Employment records from the Social Security Administration;
Education records from Washburn University School of Law;
Colorado Center for the Blind;
Plaintiff's Social Security records;
Tax Returns for years 2012 – 2015.

Plaintiff will supplement wage documentation not yet obtained.
Furthermore, Plaintiff reserves the right to supplement these disclosures.

3.   Fed. R. Civ. P. 26(a)(1)(A)(iii): A computation of each category of damages
claimed by the disclosing party – who must also make available for inspection and copying as
under Rule 34 the documents or other evidentiary material, unless privileged or protected from
disclosure, on which such computation is based, including materials bearing on the nature and
extent of injuries suffered:  Plaintiff claims all damages allowed by law.

a.  Past and future economic and noneconomic damages – Plaintiff has
endured and will continue in the future to endure pain, suffering, mental
anguish, disability, disfigurement and loss of enjoyment of life.  These

damages are not subject to precise calculation and will be determined by a jury. These damages are in excess of the applicable cap on such damages.

b.   Past and future medical expenses. This information will be provided. The bills gathered to date have been produced along with this disclosure. Future medical expenses may be the section of expert testimony.

c.   Past lost income – This information will be provided, including wage statements and/or tax returns.

d.   Future lost income – This will be the subject of expert testimony.

4.   Fed. R. Civ. P. 26(a)(1)(A)(iv): For inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all of part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Not applicable.

Respectfully submitted,

**SHAMBERG, JOHNSON & BERGMAN, CHTD.**

/s/    *Lynn R. Johnson*
Lynn R. Johnson, #07041
David R. Morantz, #22431
Paige L. McCreary, #27154
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
T:  816-474-0004 / F:  816-474-0003
ljohnson@sjblaw.com
dmorantz@sjblaw.com
pmccreary@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid, on the 31st day of August, 2016, to the following:

Charles H. Moody
Dustin A. Bradley
RODULF & TODD
401 S. Boston Avenue, Suite 2000
Tulsa, OK 74103-4014
**ATTORNEYS FOR DEFENDANT**
**SCOTT BLEDSOE, M.D.**

Michelle M. Watson
John H. Gibson
GILLILAND & HAYES, LLC
301 N. Main, Suite 1300
Wichita, KS 67202-4813
**ATTORNEYS FOR DEFENDANT**
**WESLEY MEDICAL CENTER, LLC**

/s/     *Lynn R. Johnson*
**ATTORNEYS FOR PLAINTIFF**

Page **5** of **5**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENOISE M. CALLAHAN,       )
      )
                Plaintiff,    )     Case No. 2016-CV-02310 JAR-GLR
      )
v.       )
      )
SCOTT BLEDSOE, M.D., WESLEY       )
MEDICAL CENTER, LLC, d/b/a       )
WESLEY WOODLAWN HOSPITAL &    )
ER,       )
      )
            Defendants.    )

### PLAINTIFF'S ANSWERS TO FIRST DISCOVERY REQUESTS
### FROM DEFENDANT SCOTT BLEDSOE, MD

COMES NOW the plaintiff, by and through her attorneys of record, and hereby submits

the following answers to Defendant Scott Bledsoe MD's First Discovery Requests to Plaintiff.

### INTERROGATORIES

**INTERROGATORY NO. 1**:  Please identify yourself fully by stating your name, maiden name

(if applicable), any other name(s) you have ever used or been known by other than that stated in

your Complaint, date of birth, social security number, current residence address and current

business address.

> **ANSWER:**  **Jenoise Marianne Callahan, a/k/a/ Jenny Callahan**
> **DOB:** ▨▨▨▨▨▨
> **SSN:** ▨▨▨▨▨▨
> **Residential Address:  2924 S. Ingalls Way, Denver, CO 80227**
> **Business Address:  N/A**

**INTERROGATORY NO. 2**:  Please describe in detail the basis of your claim that Dr. Bledsoe

was negligent in the care and treatment of you, as alleged in your Petition.  Your answer should

include every fact upon which you rely to support your claim, as well as a description of each

1

and every act and/or omission that you contend evidences your claims against Dr. Bledsoe. (This request *is not* seeking an expert or legal opinion. The purpose of this request is to determine why you have sued Dr. Bledsoe and the factual basis for any such claims. If the basis of your claim, in whole or in part, is derived or dependent in any way upon the opinions of experts, please include such opinions in your answer.)

**ANSWER:** **Objection. This request is premature and calls for work product. The information requested will be disclosed during expert witness discovery and/or according to the Court's Scheduling Order. Subject to this objection, see paragraph 33 of Plaintiff's Complaint and Plaintiff's medical records from Wesley Woodlawn Hospital & ER (a/k/a Galichia Heart Hospital).**

**INTERROGATORY NO. 3**: Identify the names and addresses for every hospital, clinic, institution, office, other medical facility, and/or pharmacy and every physician, whether M.D. or D.O., medical consultant, therapist, chiropractor, psychologist, psychiatrist, or any other healthcare provider from which or from whom you have sought treatment for any reason and/or had prescriptions filled, whether on an inpatient or outpatient basis, during the five (5) years prior to May 15, 2014. Please state the nature of the care or medical services as well as the date of the treatment for each identified provider.

**ANSWER:** **Objection. This interrogatory seeks information that is vague and unduly burdensome, because plaintiff saw a variety of healthcare providers for a variety of reasons over the last five years. Subject to this objection, plaintiff states as follows:**

**Kessler Eye Care/Dr. Tyler Ohde, 11383-B W. 95th Street, Overland Park, KS 66214**

**Shawnee Mission Primary Care, 8700 Bourgade, Suite 2, Lenexa, KS 66219**

**University of Kansas Hospital, 3901 Rainbow Blvd., Kansas City, KS 66160**

**University of Kansas, Dept. of Ophthalmology/KU Eye/Thomas J. Whittaker, M.D., 7400 State Line Road, Suite 100, Prairie Village, KS 66208**

**Dillon's Pharmacy, various locations.**

2

Walgreen's Pharmacy, various locations.

Wal-Mart Pharmacy, various locations.

Perfect Smiles Dental Care, 8650 Candlelight Lane, Lenexa, Kansas 66215.

**INTERROGATORY NO. 4:** Please describe in detail your employment history for the past ten (10) years to present day including the identity of every employer, job duties, typical hours worked, beginning and ending dates of each employment, identity of immediate supervisors, the compensation at starting and ending dates, and the reason for leaving.

> **ANSWER:**
>
> February 2007 – July 2010
> Contract Attorney at Shook Hardy& Bacon via Kelly Law Registry.
> Supervisor:  Toni Morlis-Woodard
> I do not recall my salary.
> I left for another firm, Intelligent Document Review, which had been recruiting me.
>
> July 2010 – August 2010
> Contract Attorney for Intelligent Document Review.
> I do not recall my supervisor or my salary.
> I left because the company went out of business.
>
> November 2010 – April 2013
> Contract Attorney at Shook Hardy& Bacon via Kelly Law Registry.
> Supervisor:  Toni Morlis-Woodard
> I do not recall my salary.
> I left Shook Hardy & Bacon due to unacceptable working conditions.
>
> July 2013 – August 2013
> Contract Attorney at Denton's via Kelly Law Registry
> Supervisor:  Toni Morlis-Woodard
> I do not recall my salary.
> I left once the six-week contract ended.
>
> Between November of 2013 and April 2014, I completed three separate contracts, lasting 6-8 weeks each.
> Contract Attorney at Special Counsel – Dallas and Fort Worth
> Supervisor:  Scott Bruce
> I do not recall the exact starting or ending dates.  My hourly pay ranged from $25.00/hour to $29.00/hour depending upon the placement/assignment.

3

I left each time because the contract ended.

April 2014 – I accepted the position of Benefits Authorizer with the Social Security Administration, but I was unable to start the position due to the loss of my vision.
Supervisor:  Terry Brooks
I do not recall what the beginning salary was going to be.

**INTERROGATORY NO. 5**: If, on any occasion, at any time, you had any conversation with Dr. Bledsoe or person who you perceived to be Dr. Bledsoe, relating to the alleged events giving rise to this litigation, please state as to each such occasion:

    a.    The identity of whom you had a conversation with.  If the name of such person is unknown, please provide a detailed physical description of such person.

    b.    The identity including a name and address of any other person present during such conversations.  If the name of the person is unknown, please provide a detailed physical description of the person.

    c.    The place, date and approximate time of day of these communications or conversations; and

    d.    The substance of the conversations or communications including what you said, what Dr. Bledsoe said, and what any other person present said.

**ANSWER:**    The only time I spoke with Dr. Bledsoe, or with whom I believed to be Dr. Bledsoe, was while I was in the ER at Wesley Woodlawn Hospital & ER (a/k/a Galichia Heart Hospital).   Refer to the medical records from Wesley Woodlawn Hospital & ER (a/k/a Galichia Heart Hospital).

**INTERROGATORY NO. 6**: Please identify by name and address or other identifying characteristics, each and every person that has told, informed, advised, inferred or suggested to you that Dr. Bledsoe was negligent in his care and treatment of you at all times relevant to your allegations in this case.  Please include the substance of the criticism, whom the criticism was directed towards, the date of the criticism, and the setting for the expression of the criticism.

**ANSWER:**   Many of my doctors have told me that they cannot believe I was let go from Wesley Woodlawn Hospital & ER (a/k/a Galichia Heart Hospital) after my first ER visit, and that if my high blood pressure had been alleviated, then I would never have lost my sight. I can specifically recall Dr. Michelle Riggins at Wesley Medical Center, saying it was the "perfect storm" and that it was my blood pressure that caused me to lose my sight and that it was likely permanent. My primary care provider at GraceMed in Wichita, Chelsia Benbrook, ARNP, also said, "this is outlandish." Dr. Ryan Ormond at the University of Colorado Hospital has also commented that this could have been avoided if I had received proper treatment. I don't recall the specifics, but Dr. David Chacko and the ER physicians at Wesley Medical Center also made comments to the effect that, had my hypertensive blood pressure been stabilized just two days earlier, my vision could have been saved. I don't recall the date of the criticisms.

**INTERROGATORY NO. 7:** With respect to the injuries and damages it is claimed that you suffered due to the alleged negligence of Dr. Bledsoe, please state with specificity the following:

   a.   Describe each physical injury allegedly suffered;

   b.   Describe each mental injury allegedly suffered;

   c.   Describe each monetary injury allegedly suffered;

   d.   Describe whether your alleged physical or mental injury has resolved or is permanent;

   e.   If you claim an injury is permanent as a result of the claim in this case, identify all individuals by name and address who told you the injury is permanent; and

   f.   Itemize all monetary damages you have suffered resulting from each injury alleged, including the amount you claim you have incurred for each.

**ANSWER:**

   a. Complete and total permanent blindness, nerve damage in right hand and forearm from IV puncture, nerve damage to middle finger of right hand, permanent loss of smell, broken foot, hernia surgery, infection, subsequent hernia repair surgery, shunt placement and replacement, whiplash from falls sustained as a result of not being able to see, acid reflux.

   b. Post-traumatic stress disorder, detachment disorder, loss of "sense of self",

5

   c. **Objection.  This interrogatory is vague, ambiguous, premature and subject to expert opinion.  Subject to this objection, plaintiff claims all damages allowed by law, including, past and future medical expenses, past and future lost income, past and future economic and non-economic damages.**

   d. **I have been told that the blindness is permanent and the loss of smell is likely permanent.  It is unknown how long the nerve damage in my hand and fingers will continue to have "electric" sensations.  I do not know the long term effects of having had multiple abdominal hernia surgeries.**

   e. **Dr. Michelle Riggins, Wesley Medical Center.**

   f. **Objection.  This interrogatory is premature and subject to expert opinion.  As such, this information will be disclosed during expert discovery and/or according to the Court's Scheduling Order.   Subject to this objection, see medical records.  Plaintiff will supplement this response with employment records, W-2's and/or tax returns as discovery continues.**

**INTERROGATORY NO. 8:**  Please identify by name and specialty all expert witnesses Plaintiff has retained in this case.  With regard to each such expert witness please state the following:

   a.    The subject matter on which he or she is expected to testify;

   b.    The substance of the thoughts and opinions to which he or she is expected to testify;

   c.    A summary of the grounds for each opinion;

   d.    The qualifications of each expert, including a list of all publications authored by the expert within the preceding ten (10) years;

   e.    The compensation to be paid to the expert for the testimony and preparation of testimony; and

   f.    A listing of any other cases in which the expert has testified as an expert at trial or by deposition for the preceding four (4) years.

**ANSWER:**   Plaintiff objects to this interrogatory as premature and a violation of the work product doctrine.  The requested information will be disclosed during expert witness discovery and/or according to the Court's Scheduling Order.

**INTERROGATORY NO. 9:** Identify all fact witnesses (i.e., person having knowledge of any fact or matter which relates in any way to the allegations of negligence or damages) known to you at this time, including their residential and business addresses, residential and business telephone numbers, as well as a brief statement concerning their anticipated testimony, or their knowledge of the case.

**ANSWER:**

Jim Callahan, 2 Bedrock Way, Stafford, Virginia 22556.   785-341-2345.  Mr. Callahan is employed at Ryan Homes in Virginia.  Mr. Callahan is Jenny's brother with whom Jenny was living at the time of Dr. Bledsoe's treatment.  Mr. Callahan took Jenny to the ER on May 15, 2014 and has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her medical treatment on May 15, 2014, her subsequent physical and mental condition and her subsequent medical treatment and he is anticipated to testify as to that knowledge.

Uyen "Lily" Tran, current address unknown, (316) 519-1356. Her business information is unknown.  Ms. Tran was the girlfriend of Jim Callahan and lived with Jim and Jenny at the time of Dr. Bledsoe's treatment.  Ms. Tran has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, and her subsequent physical and mental condition and she is anticipated to testify as to that knowledge.

Julie Hertzler, 14921 E. Sharon Lane, Wichita, Kansas 67230.  Ms. Hertzler is employed as a Contract Administrator at Wesley Medical Center.  316-619-0233.  Ms. Hertzler is a friend of Jenny's and accompanied Jim and Jenny to the ER on May 15, 2014. Ms. Hertzler has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her medical treatment on May 15, 2014, her subsequent physical and mental condition and her subsequent medical treatment and she is anticipated to testify as to that knowledge.

Carol Hertzler, 1 E. Swallow St., Wichita, Kansas 67230. Ms. Hertzler's business information is unknown.  Ms. Hertzler is Julie Hertzler's mother. She may be able to testify to Jenny's physical and mental condition before her medical treatment on May 15, 2014 and her subsequent physical and mental condition.

7

Julie McCoy, current address unknown, Iowa. Ms. McCoy's business information is unknown.  Ms. McCoy is a good friend of Jenny's, and she has knowledge of Jenny's physical and mental condition before and after her medical treatment on May 15, 2014. Ms. McCoy assisted Jenny with completing paperwork associated with obtaining healthcare and social benefits.  It is anticipated that Ms. McCoy will testify as to this knowledge.

Joletta Friessen, 985 Holly Drive, Liberty, Missouri 64068.  816-820-9804. Ms. Friessen's business information is unknown.  Ms. Friessen is a friend of Jenny's and she has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014 and her subsequent physical and mental condition, and she is anticipated to testify as to that knowledge.

Mary Callahan, 2 Bedrock Way, Safford, Virginia 22556.  816-808-4446. Ms. Callahan works Ryan Homes in Virginia. Ms. Callahan is Jenny's sister and she has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her subsequent physical mental condition and Jenny's subsequent medical treatment and she is anticipated to testify as to that knowledge.

Katie Callahan, 425 S. Galena Way, Apt. 6-106, Denver, Colorado 80247.  571-247-5958. Katie works as a dietary aid at Wind Crest. Ms. Callahan is Jenny's sister and she has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her subsequent physical and mental condition and Jenny's subsequent medical treatment, and she is anticipated to testify as to that knowledge.

Terry Brooks, Human Resources for Social Security Administration, current address unknown. 816-936-5483.  Ms. Brooks hired Jenny before Jenny lost her vision. Ms. Brooks has knowledge of Jenny's job with the Social Security Administration and it is anticipated Ms. Brooks would testify as to that knowledge.

Michael Byington, Orientation and Mobility Specialist at Envision Rehabilitation Clinic, 610 N. Main Street, Wichita, Kansas 67203. 316-440-1665 and 785-221-7111.  Mr. Byington has knowledge of Jenny's visual impairment and he has written a referral on Jenny's behalf for a guide dog.  It is anticipated Mr. Byington would testify as to this knowledge.

Bonnie Cochran, Director of Support Programs at Envision Rehabilitation Clinic, 610 N. Main Street, Wichita, Kansas 67203. 316-440-1510. Ms. Cochran has knowledge of Jenny's visual impairment and she has written recommendations or referrals to DCF Vocational Rehabilitation on Jenny's behalf and she is anticipated to testify as to this knowledge.

Julie Juneau-King, M.Ed., Vocational Rehab Counselor, Wichita Regional VocRehab/DCF, 230 E. William, P.O. Box 1620, Wichita, Kansas 67201-0518. 316-337-6774. Ms. Juneau-King has been a resource for Jenny with regard to education, housing, medical and general needs benefits.  It is anticipated Ms. Juneau-King would testify as to how she has helped Jenny with her education, housing, medical and general needs benefits.

8

Wendy McGregor, LMSW, Vocational Rehab Counselor, DCF Kansas Rehabilitation Services, 410 N. Havehill Road, El Dorado, Kansas 67042. 316-321-4200, ext. 304. Ms. McGregor has been a resource for Jenny with regard to education, housing, medical and general needs benefits. It is anticipated Ms. McGregor would testify about helping Jenny with this information.

Lynette Petty, Washburn University School of Law, 17th and MacVicar, Topeka, Kansas 66621. 785-670-1191. Ms. Petty has knowledge of the condition of Jenny's vision before and after the incident. Ms. Petty worked with Jenny to secure accommodations while Jenny was a law student and it is anticipated that Ms. Petty would testify as to that knowledge.

Jenifer Sauer, current address unknown. 316-204-5364. Ms. Sauer and Jenny were best friends in high school and she has knowledge of the condition of Jenny's physical and mental condition before her medical treatment on May 15, 2014 and her subsequent physical and mental condition and she is anticipated to testify as to that knowledge.

Vicki Saylor, current address unknown. 580-304-3145. Ms. Saylor was a resident at the Colorado Center for the Blind with Jenny and she is anticipated to testify as to that knowledge.

**INTERROGATORY NO. 10:** Please state whether you or anyone acting on your behalf, including your attorneys or investigators, possesses any tape recorded statements or conversations of any person, pertaining to the issues giving rise to this litigation. If your answer is anything other than an unqualified negative, please state the following:

    a.    The identity of every person involved in each tape recorded statement or conversation;

    b.    The date and time that each tape recorded statement or conversation was obtained;

    c.    The substance of each tape recorded statement or conversation; and

    d.    The person currently in possession of such tape recordings.

**ANSWER:**    There were two voicemail messages left on Jenny's cell phone. Plaintiff's counsel is in possession of the video/audio recordings from Jenny's cell phone, Bates No. 0064 - 0065.

**1st voicemail   a.  Brandy [last name not given], ER Manager at Wesley Woodlawn Hospital (a/k/a Galichia Heart Hospital).**

> **b.  5/17/14 @ 11:10 a.m.**

> **c.  Brandy and Dr. Bledsoe are concerned, wanting to know if Jenny was feeling better, had her vision gotten better, and if not, she should return.  Maybe should have been admitted, not sure.  Call back and talk with Jennifer, Assistant Nurse Manager.**

> **d.  Plaintiff's counsel is currently in possession of the tape recordings.**

**2nd voicemail   a.  Jennifer [last name not given] from ER of Wesley Woodlawn Hospital & ER (a/k/a Galichia Heart Hospital).**

> **b.  5/17/14 @ 3:37 p.m.**

> **c.  Follow up to Brandy's detailed message today.  Call back at some point.**

> **e.  Plaintiff's counsel is currently in possession of the tape recordings.**

**INTERROGATORY NO. 11:**   Have any medical expenses (or other expenses) which you relate to this lawsuit been satisfied by a payment from a third party, an insurance company or a government program, such as, but not limited to, Medicare/Medicaid? If so, have you provided notice of this lawsuit to that third party insurance company and/or agency?

> **ANSWER:**   **Plaintiff is investigating and will supplement as discovery continues.**

**INTERROGATORY NO. 12:**   Please state whether you have ever applied for and/or received disability income, whether through the Social Security Administration or another agency or entity.  If so, please state the nature of your disability, when you were declared disabled, when you began receiving disability income and the amount of disability income and benefits you receive as a result of being declared disabled.

**ANSWER:  Yes, I applied for Social Security disability and Medicaid through the State of Kansas for total and complete blindness in May, 2014.  I applied for Supplemental Security Income on July 18, 2014.  I currently have Social Security Disability benefits in the amount of $1,278.90 per month.**

**INTERROGATORY NO. 13**:  Are you, or have you ever been, eligible for Medicaid or Medicare Benefits?  If so, please provide your Social Security Number and Medicaid or Medicare Health Identification Claim Numbers for all claims submitted to Medicare or Medicaid.  [This information is requested to ensure compliance with 42 USC § 1395y.]

**ANSWER:  Yes.  My SSN is ▨▨▨▨▨▨ I was a Kansas Medicaid recipient from March 2014 through February 2015.  I have been a Colorado Medicaid recipient since March 2015.  My Medicare benefits begin in November 2016.  I do not know what my claim number(s) is/was.**

**INTERROGATORY NO. 14**:  Have you, or anyone known to you, made any complaints, whether oral or written, to anyone relating to the allegations made in your Complaint, including but not limited to any state or other governmental agency.  If so, please provide the substance of any such complaint, to whom the complaint was made and the date of any such complaint.

**ANSWER:    Not to my knowledge.**

**INTERROGATORY NO. 15**: Please identify all individuals assisting you in responding to this written discovery. Please specify the relationship between you and each person assisting.

**ANSWER:  My brother, Jim Callahan.**

**INTERROGATORY NO. 16**: If your response to Request for Admission No. 1 is anything other than an unqualified admission, please identify by name and address of all physicians and/or health care providers who made those criticisms. Please include the substance of the criticism, to

11

whom the criticism was directed, the date of the criticism, and the setting for the expression of the criticism.

**ANSWER: Objection. This interrogatory is unduly burdensome as it calls for very specific information about conversations that have not been recorded in any way. Subject to this objection, Plaintiff does not remember and was unable to write the conversations down as she could not see.**

**INTERROGATORY NO. 17:** If your response to Request for Admission No. 2 is anything other than an unqualified admission, please describe with specificity any and all such evidence that you are aware of that supports your claim for lost wages and/or lost earning capacity.

**ANSWER: Objection. This request is premature and a violation of the work product doctrine. The information requested is the subject of expert witness testimony and, as such, will be disclosed during expert witness discovery and/or according to the Court's Scheduling Order. Subject to this objection, plaintiff will supplement with W-2's and income tax information for the last six years.**

**INTERROGATORY NO. 18:** If your response to Request for Admission No. 3 is anything other than an unqualified admission, please describe with specificity any and all such evidence that you are aware of that supports your claim that the alleged negligence of Dr. Bledsoe caused and/or contributed to Plaintiff's permanent loss of vision/blindness.

**ANSWER: Objection. This request is premature and a violation of the work product doctrine. The information requested is the subject of expert witness testimony and, as such, will be disclosed during expert witness discovery and/or according to the Court's Scheduling Order. Without waiving this objection, see plaintiff's Complaint and plaintiff's medical records.**

SHAMBERG, JOHNSON & BERGMAN, CHTD.

_/s/ Paige L. McCreary_
Lynn R. Johnson, KS #07041
David R. Morantz, KS #22431
Paige L. McCreary, KS #27154
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
T:  816-474-0004
F:  816-474-0003
ljohnson@sjblaw.com
dmorantz@sjblaw.com
pmccreary@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S SWORN SIGNATURE PAGE**

STATE OF _____          )
                                   )ss.
COUNTY OF _____             )


     JENOISE M. CALLAHAN, being first duly sworn on her oath states she has answered the foregoing Request for Admissions, Interrogatories and Request for Production of Documents, and the answers and responses stated therein are true to the best of her knowledge and belief.


_____


     Sworn and subscribed to before me, a Notary Public, on this _____ day of _____, 2016.


_____
NOTARY PUBLIC

My Commission Expires:

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JENOISE M. CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-CV-02310 JAR-GLR |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT BLEDSOE, M.D., WESLEY | ) | |
| MEDICAL CENTER, LLC, d/b/a | ) | |
| WESLEY WOODLAWN HOSPITAL & | ) | |
| ER, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS TO**
**FIRST DISCOVERY REQUESTS**
**FROM DEFENDANT SCOTT BLEDSOE, MD**

COMES NOW the plaintiff, by and through her attorneys of record, and hereby submits the following first supplemental answers to Defendant Scott Bledsoe MD's First Discovery Requests to Plaintiff.

**INTERROGATORIES**

**INTERROGATORY NO. 9:** Identify all fact witnesses (i.e., person having knowledge of any fact or matter which relates in any way to the allegations of negligence or damages) known to you at this time, including their residential and business addresses, residential and business telephone numbers, as well as a brief statement concerning their anticipated testimony, or their knowledge of the case.

**ANSWER:**

Jim Callahan, 2 Bedrock Way, Stafford, Virginia 22556.   785-341-2345. Mr. Callahan is employed at Ryan Homes in Virginia. Mr. Callahan is Jenny's brother with whom Jenny was living at the time of Dr. Bledsoe's treatment. Mr. Callahan took Jenny to the ER on May 15, 2014 and has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her medical treatment on May 15, 2014, her

1

subsequent physical and mental condition and her subsequent medical treatment and he is anticipated to testify as to that knowledge.

Uyen "Lily" Tran, current address unknown, (316) 519-1356. Her business information is unknown. Ms. Tran was the girlfriend of Jim Callahan and lived with Jim and Jenny at the time of Dr. Bledsoe's treatment. Ms. Tran has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, and her subsequent physical and mental condition and she is anticipated to testify as to that knowledge.

Julie Hertzler, 14921 E. Sharon Lane, Wichita, Kansas 67230. Ms. Hertzler is employed as a Contract Administrator at Wesley Medical Center. 316-619-0233. Ms. Hertzler is a friend of Jenny's and accompanied Jim and Jenny to the ER on May 15, 2014. Ms. Hertzler has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her medical treatment on May 15, 2014, her subsequent physical and mental condition and her subsequent medical treatment and she is anticipated to testify as to that knowledge.

Carol Hertzler, 1 E. Swallow St., Wichita, Kansas 67230. Ms. Hertzler's business information is unknown. Ms. Hertzler is Julie Hertzler's mother. She may be able to testify to Jenny's physical and mental condition before her medical treatment on May 15, 2014 and her subsequent physical and mental condition.

Julie McCoy, current address unknown, Iowa. Ms. McCoy's business information is unknown. Ms. McCoy is a good friend of Jenny's, and she has knowledge of Jenny's physical and mental condition before and after her medical treatment on May 15, 2014. Ms. McCoy assisted Jenny with completing paperwork associated with obtaining healthcare and social benefits. It is anticipated that Ms. McCoy will testify as to this knowledge.

Joletta Friessen, 985 Holly Drive, Liberty, Missouri 64068. 816-820-9804. Ms. Friessen's business information is unknown. Ms. Friessen is a friend of Jenny's and she has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014 and her subsequent physical and mental condition, and she is anticipated to testify as to that knowledge.

Mary Callahan, 2 Bedrock Way, Safford, Virginia 22556. 816-808-4446. Ms. Callahan works Ryan Homes in Virginia. Ms. Callahan is Jenny's sister and she has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her subsequent physical mental condition and Jenny's subsequent medical treatment and she is anticipated to testify as to that knowledge.

Katie Callahan, 425 S. Galena Way, Apt. 6-106, Denver, Colorado 80247. 571-247-5958. Katie works as a dietary aid at Wind Crest. Ms. Callahan is Jenny's sister and she has knowledge of Jenny's physical and mental condition before her medical treatment on May 15, 2014, her subsequent physical and mental condition and Jenny's subsequent medical treatment, and she is anticipated to testify as to that knowledge.

Terry Brooks, Human Resources for Social Security Administration, current address unknown. 816-936-5483. Ms. Brooks hired Jenny before Jenny lost her vision. Ms. Brooks has knowledge of Jenny's job with the Social Security Administration and it is anticipated Ms. Brooks would testify as to that knowledge.

Michael Byington, Orientation and Mobility Specialist at Envision Rehabilitation Clinic, 610 N. Main Street, Wichita, Kansas 67203. 316-440-1665 and 785-221-7111. Mr. Byington has knowledge of Jenny's visual impairment and he has written a referral on Jenny's behalf for a guide dog. It is anticipated Mr. Byington would testify as to this knowledge.

Bonnie Cochran, Director of Support Programs at Envision Rehabilitation Clinic, 610 N. Main Street, Wichita, Kansas 67203. 316-440-1510. Ms. Cochran has knowledge of Jenny's visual impairment and she has written recommendations or referrals to DCF Vocational Rehabilitation on Jenny's behalf and she is anticipated to testify as to this knowledge.

Julie Juneau-King, M.Ed., Vocational Rehab Counselor, Wichita Regional VocRehab/DCF, 230 E. William, P.O. Box 1620, Wichita, Kansas 67201-0518. 316-337-6774. Ms. Juneau-King has been a resource for Jenny with regard to education, housing, medical and general needs benefits. It is anticipated Ms. Juneau-King would testify as to how she has helped Jenny with her education, housing, medical and general needs benefits.

Wendy McGregor, LMSW, Vocational Rehab Counselor, DCF Kansas Rehabilitation Services, 410 N. Havehill Road, El Dorado, Kansas 67042. 316-321-4200, ext. 304. Ms. McGregor has been a resource for Jenny with regard to education, housing, medical and general needs benefits. It is anticipated Ms. McGregor would testify about helping Jenny with this information.

Lynette Petty, Washburn University School of Law, 17th and MacVicar, Topeka, Kansas 66621. 785-670-1191. Ms. Petty has knowledge of the condition of Jenny's vision before and after the incident. Ms. Petty worked with Jenny to secure accommodations while Jenny was a law student and it is anticipated that Ms. Petty would testify as to that knowledge.

Jenifer Sauer, current address unknown. 316-204-5364. Ms. Sauer and Jenny were best friends in high school and she has knowledge of the condition of Jenny's physical and mental condition before her medical treatment on May 15, 2014 and her subsequent physical and mental condition and she is anticipated to testify as to that knowledge.

Vicki Saylor, current address unknown. 580-304-3145. Ms. Saylor was a resident at the Colorado Center for the Blind with Jenny and she is anticipated to testify as to that knowledge.

3

**FIRST SUPPLEMENTAL ANSWER:**

Erica Kiehnhoff, address unknown. Erica visited Plaintiff while she was in the hospital. No written statements or written notes that Plaintiff is aware of.

Melissa Castillo, address unknown. Melissa visited Plaintiff while she was in the hospital. No written statements or written notes that Plaintiff is aware of.

Jacque Ebert, address unknown. Jackie visited Plaintiff while she was in the hospital. No written statements or written notes that Plaintiff is aware of.


**INTERROGATORY NO. 11:**   Have any medical expenses (or other expenses) which you

relate to this lawsuit been satisfied by a payment from a third party, an insurance company or a

government program, such as, but not limited to, Medicare/Medicaid? If so, have you provided

notice of this lawsuit to that third party insurance company and/or agency?

> **ANSWER:**   Plaintiff is investigating and will supplement as discovery continues.

> **FIRST SUPPLEMENTAL ANSWER:** Yes.


**INTERROGATORY NO. 13:**   Are you, or have you ever been, eligible for Medicaid or

Medicare Benefits?   If so, please provide your Social Security Number and Medicaid or

Medicare Health Identification Claim Numbers for all claims submitted to Medicare or

Medicaid. [This information is requested to ensure compliance with 42 USC § 1395y.]

> **ANSWER: Yes. My SSN is** ███████ **I was a Kansas Medicaid recipient from March 2014 through February 2015. I have been a Colorado Medicaid recipient since March 2015. My Medicare benefits begin in November 2016. I do not know what my claim number(s) is/was.**

**FIRST SUPPLEMENTAL ANSWER:**
**Kansas Medicaid No.**███████
**Colorado Medicaid Client ID** ███████

4

SHAMBERG, JOHNSON & BERGMAN, CHTD.

Lynn R. Johnson, KS #07041
David R. Morantz, KS #22431
Paige L. McCreary, KS #27154
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
T:  816-474-0004
F:  816-474-0003
ljohnson@sjblaw.com
dmorantz@sjblaw.com
pmccreary@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid, on the 28th day of October, 2016, to the following:

Charles H. Moody
Dustin A. Bradley
RODULF & TODD
401 S. Boston Avenue, Suite 2000
Tulsa, OK 74103-4014
**ATTORNEYS FOR DEFENDANT**
**SCOTT BLEDSOE, M.D.**

Michelle M. Watson
John H. Gibson
GILLILAND & HAYES, LLC
301 N. Main, Suite 1300
Wichita, KS 67202-4813
**ATTORNEYS FOR DEFENDANT**
**WESLEY MEDICAL CENTER, LLC**

**ATTORNEYS FOR PLAINTIFF**

5