IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JENOISE M. CALLAHAN,**

    **Plaintiff,**

    v.

**SCOTT BLEDSOE, M.D.,** and
**WESLEY MEDICAL CENTER, LLC**,

    **Defendants.**

Case No. 16-2310-JAR-GLR

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Wesley Medical Center, LLC's ("WMC") Motion for Order for Medical Records and *Ex Parte* Interviews of Treating Physicians (ECF 38). For the reasons below, the Court grants Defendant's motion.

Plaintiff Jenoise M. Callahan brought this medical malpractice action alleging generally that Defendants failed to properly diagnose and treat Plaintiff's hypertension, intracranial pressure, and increased cerebral spinal fluid pressure causing Plaintiff permanent loss of vision/blindness. The parties are now conducting discovery. To that end, WMC filed the instant motion seeking an order from this Court that would allow (1) WMC to inspect and obtain a copy of all of Plaintiff's medical records, including protected health information pursuant to state and federal law; and (2) defense counsel to conduct *ex parte* interviews of Plaintiff's treating physicians. Plaintiff opposes the motion, recognizing that this Court has granted such motions before but "preserv[ing] this issue for appeal and to discuss a movement in Kansas state courts denying similar motions."[1]

---

[1] ECF 45 at 1.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") prohibits unauthorized disclosures or misuse of protected health information by covered entities. HIPAA, however, does not prohibit all disclosures; rather, it imposes procedures on health care providers concerning the disclosure of medical information.[2]  HIPAA regulations set forth in 45 C.F.R. § 164.512(e) provide for the disclosure of protected health information in judicial proceedings under the following circumstances:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
>> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>>
>> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>>
>>> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>>>
>>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

The regulations plainly provide two separate and alternative methods for obtaining protected health information without violating HIPPA: (1) by court order under § 164.512(e)(1)(i)

---

[2] *Harris v. Whittington*, No. 06–1179–WEB, 2007 WL 164031, at *2 (D. Kan. Jan. 19, 2007).

authorizing such disclosure or, alternatively, (2) by a formal discovery request, such as a subpoena, when accompanied by certain required assurances and notices. Although HIPAA and its regulations do not expressly authorize *ex parte* interviews of health care providers, this District has a well-established practice of allowing informal *ex parte* interviews of Plaintiff's treating physicians who are merely fact witnesses as long as a defendant complies with HIPAA and its related regulations.[3]

As an initial matter, the parties agree that the physician-patient testimonial privilege is inapplicable because Plaintiff's condition is an issue in this lawsuit.[4] Plaintiff argues, however, that the physician-patient testimonial privilege is distinct from federally imposed laws creating a duty of confidentiality for physicians. Plaintiff provides a summary of what appears to be a recent trend among Kansas state court judges in deciding this issue. In short, those judges contend that the order requested by WMC is "nothing more than an advisory opinion to a nonparty to do some act outside of this judicial proceeding that the Court cannot enforce, monitor, sanction or effectively review" and thus does not comply with 45 C.F.R. 164.512(e). Respectfully, this Court disagrees. Medical providers typically provide stringent procedures in complying with HIPPA, as they fear violating it and, by extension, their patients' privacy. What WMC and similarly-situated defendants are seeking is an order from a court that allays the medical provider's fears that talking with such a party may violate their obligations under HIPPA—nothing more. It is therefore not an advisory opinion; rather, it is an order stating that a

---

[3] *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *1 (D. Kan. July 15, 2013); Madrid v. Williams, No. 12–1033–CM, 2012 WL 2339829 (D. Kan. June 19, 2012) (J. Humphreys); *Lowen v. Via Christie Hosps. Wichita, Inc.*, No. 10–1201–RDR, 2010 WL 4739431 (D. Kan. Nov. 16, 2010) (J. Sebelius); *Spraggins v. Sumner Reg'l Med. Ctr.*, No. 10–2276–WEB/KGG, 2010 WL 4568715 (D. Kan. Nov. 3, 2010) (J. Gale); *Brigham v. Colyer*, No. 09–2210–JWL–DJW, 2010 WL 2131967 (D. Kan. May 27, 2010) (J. Waxse); *Pratt v. Petelin*, No. 09–2252–CM–GLR, 2010 WL 446474 (D. Kan. Feb. 4, 2010) (J. Rushfelt); *Sample v. Zancanelli Mgmt. Corp.*, No. 07–2021–JPO, 2008 WL 508726 (D. Kan. Feb. 21, 2008) (J. O'Hara); *Bohannon v. Baker*, No. 06–1033–MLB, 2006 WL 2927521 (D. Kan. Oct. 12, 2006) (J. Bostwick).

[4] K.S.A. § 60-427(d).

court of law has determined that medical records are relevant to a case involving the medical provider's patient (current or former) and that the treating physicians *may* discuss and/or release that patient's medical records to the party presenting such an order.  In other words, the order is a procedural safeguard in protecting patients' privacy.[5]  This position is bolstered by the numerous opinions of this District, several Kansas state courts' local rules, and a letter from the United States Department of Health & Human Services, which states:

> 45 C.F.R. § 164.512(e) . . . provides an example of informal process. The informal process, in regard to disclosures and judicial proceedings pursuant to 76 Okla. Stat. §19(B) involves defendants in a medical malpractice case communicating ex parte with physicians "just as they could any other fact witness."[6]

For these reasons, this Court sees no reason to depart from this District's well-established practice of allowing informal *ex parte* interviews of Plaintiff's treating physicians who are merely fact witnesses, provided that defendants comply with HIPAA and its related regulations.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Wesley Medical Center, LLC's Motion for Order for Medical Records and *Ex Parte* Interviews of Treating Physicians (ECF 38) is granted.  In accordance with this decision, the Court will enter an appropriate order for disclosure of medical information.

**IT IS SO ORDERED.**

Dated February 14, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[5] If anything, the order sought is more akin to a warrant in a criminal case than an advisory opinion.

[6] ECF 59-1 at 5, n. 5.  The statute discussed in that letter is similar to K.S.A. § 60-427.